*United States v. Dikshit*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

   *Appellee*,

  v.              23-8114

PUNEET DIKSHIT,

   *Defendant-Appellant*.

---

FOR APPELLEE:      Matthew Podolsky, Assistant United States Attorney (Jacob R. Fiddelman, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:  Puneet Dikshit, *pro se*, Alpharetta, Georgia.

Appeal from an order of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot.

Defendant-Appellant Puneet Dikshit, *pro se*, appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dikshit pled guilty in 2021 to one count of securities fraud based on insider trading, in violation of 15 U.S.C. § 78j(b). The district court sentenced Dikshit to twenty-four months' imprisonment but did not impose a term of supervised release "since [Dikshit] will be deported at the end of his custodial sentence." No. 1:21-cr-760 (CM) (S.D.N.Y. Apr. 7, 2022), ECF No. 22, at 3. In 2023, Dikshit moved for compassionate release, requesting that the district court add a term of supervised release to his sentence so that he could qualify for Bureau of Prison ("BOP") time credits under the First Step Act. *See* 18 U.S.C. § 3624(g)(3) (limiting application of good-time credits under Section 3632 to a prisoner whose sentence includes "a requirement that the prisoner be placed on a term of supervised release after imprisonment"). The district court denied Dikshit's motion on both procedural and substantive grounds. *See United States v. Dikshit*, No. 1:21-cr-760 (CM), 2023 WL 8827544 (S.D.N.Y. Dec. 21, 2023). On June 28, 2024, Dikshit was released from BOP custody. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

As a threshold matter, the government argues that Dikshit's appeal is moot, and that we must therefore dismiss the case for lack of jurisdiction. We agree. "[A]s a general rule, if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case." *United States*

*v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (internal quotation marks and citation omitted). Here, because Dikshit has "completed [his] prison sentence," his request for modification of that sentence is now moot because "neither we nor the district court can grant him the relief he is seeking." *United States v. Chestnut*, 989 F.3d 222, 224 (2d Cir. 2021). Indeed, the sole reason that Dikshit filed the compassionate release motion, seeking to add a period of supervised release, was to ultimately qualify for good-time credits under the First Step Act and thereby obtain a reduction of his term of incarceration. However, Dikshit has completed that term of incarceration and been released from custody, and thus the ultimate relief he sought through the motion is impossible to obtain. We therefore lack jurisdiction to consider it. *See Blackburn*, 461 F.3d at 261.

\*                \*                \*

Accordingly, we **DISMISS** the appeal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court